**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2021

Molo Design, Ltd.

        Plaintiff,

-v-

Chanel, Inc.

        Defendant.

1:21-CV-01578-VEC

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

------------------------------------------------------------

Pursuant to Federal Rule of Civil Procedure 26(c), and the Civil Case Management Plan and Scheduling Order, Plaintiff Molo Design, Ltd. ("Molo") and Defendant Chanel, Inc. ("Chanel"), through their respective attorneys, hereby agree that discovery in the above-entitled action (the "Action") will likely involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a nonparty that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Accordingly, good cause exists for the entry of this Stipulated Protective Order ("Order") pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in the Action.

The parties therefore agree, subject to the approval of the Court, that the terms and conditions of this Order shall govern the handling of documents, things and information in the Actions.

1.     <u>Application of this Order.</u>

This Order applies to any document, or portion thereof, any type of information, including electronically stored information and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure that, in the good-faith opinion of the party providing such material (the "Producing Party"), contains any trade secret or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information of the Producing Party, or a nonparty if such documents and information are within the possession, custody or control of the Producing Party. The party receiving such information is herein referred to as the "Receiving Party." This Order describes the information protected under its terms and the use and disclosure of such protected information.

2.     <u>Designation of Material.</u>

(a)     <u>General</u>. Any documents, materials, tangible things, items, testimony or other information produced or provided by any party in connection with discovery in this Action (hereinafter, the "Producing Party" or "Designating Party") to another party (hereinafter, the "Receiving Party") may be designated "Confidential" or "Attorneys' Eyes Only" (collectively, "Protected Material") subject to the limitations and guidelines set forth herein.

(b)     <u>Confidential Information</u> shall be so designated for the purposes of protecting the Producing Party's proprietary, confidential, commercially or competitively sensitive technical, business, financial or trade secret information, the confidential, personal or financial affairs of its employees or third parties, or other information not publicly known.

(c)     <u>Attorneys' Eyes Only Information</u> shall be so designated for the purposes of protecting the Producing Party's extremely confidential and/or sensitive information, which the

Producing Party reasonably believes would cause economic harm or significant competitive disadvantage if disclosed.

(d)     <u>Limits on Material Designated as Protected Material</u>. No item shall be designated or deemed to be Protected Material if it is available to the public at the time of disclosure, becomes publicly known through means not constituting a breach of this Protective Order by the Receiving Party, or is disclosed by a third party who is not subject to any confidentiality obligations at the time of disclosure. Nothing herein shall be construed to prevent a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is, or was, publicly known or was lawfully obtained other than through discovery of the Producing Party to establish that the information is or was publicly known or lawfully obtained other than through discovery of the Producing Party.

(e)     <u>Designation Procedure</u>. Designation shall be made, where practicable, by conspicuously marking each page of a document, each separate part or component of a thing, or each separate item of other material with the legend "Confidential" or "Attorneys' Eyes Only."  If marking the documents or things containing Protected Material is not practicable, designation may be made on a container for or tag attached to the material. A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected. In the case of information, documents or things produced for inspection, but not yet provided to the inspecting

3

party, such information, documents or things shall presumptively be deemed Attorneys' Eyes Only, regardless of whether so identified, until copies thereof are produced to the inspecting party.

(f)      <u>Designation Procedure for Deposition Testimony</u>. With respect to deposition testimony, the deponent, or his/her counsel, or any counsel representing any person or party at the deposition, may designate such testimony, in its entirety or any portion thereof, as Protected Material, either on the record at the deposition or in writing to all parties within thirty (30) days after the receipt of the deposition transcript by Designating Party. Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as Attorneys' Eyes Only. Failure to so designate testimony either at a deposition or within thirty (30) days after receipt of the deposition transcript shall not be deemed a waiver of the right to so designate such testimony, but any such designation after the thirty (30) day period shall be governed by Paragraph 6 below.

(g)      <u>Deposition Conduct</u>. If Protected Material is referred to during the course of a deposition in this Action, or if any question asked, answer given, or answer about to be given contains or is reasonably likely to contain Protected Material, then any person who is not designated to have access to such material under Paragraph 4 and is not the deponent, the deponent's counsel, the reporter or the videographer, must leave the room during such portion of the deposition. This paragraph shall not be interpreted to authorize disclosure of Protected Material to any person to whom disclosure is prohibited by this Protective Order.

3.      <u>Limits on Use of Protected Material.</u>

Any Protected Material obtained from a Producing Party pursuant to discovery in this Action may be used and disclosed solely for purposes of this Action and any appeal thereafter and under the terms of this Order. No party or person shall make any other use of any such Protected

4

Material including but not limited to use for business, commercial, competitive, personal, regulatory, or patent prosecution purposes, use in any other legal proceeding or administrative action (e.g., patent prosecution or *inter partes* review) in the United States or any other country, or use for any other purpose unless (i) permitted by this Court; or (ii) otherwise agreed in writing by the Producing Party.

4.    <u>Access to and Use of Protected Material.</u>

(a)    Confidential Information may be made available to, and inspected by, only the following qualified persons:

   i. Outside counsel for the Receiving Party who have appeared in this Action ("Outside Counsel") and their partners, associates, paralegals, secretaries and other employees who are working on the case.

   ii. Independent experts or consultants (an "Expert") and their staff retained to assist the Receiving Party in the conduct of this Action who have signed the Declaration of Acknowledgment and Agreement to be Bound by Protective Order (Exhibit A) and for whom the notice requirements of Paragraph 5 below have been fulfilled and any objections resolved.

   iii. Independent persons or firms retained by any party for outside copying, graphic, design, document hosting, jury or trial consulting (including mock jurors), or computer services, translators, and others performing litigation support services in connection with this Action and whose responsibilities in connection with this Action require access to such Confidential Information. Additionally, any such independent persons or firms whose services require that they retain electronic copies of materials containing

5

Confidential Information past the conclusion of their engagement must also first agree to be bound by the provisions of this Protective Order by signing the Declaration of Acknowledgment and Agreement to be Bound by Protective Order attached hereto as Exhibit A.

iv.    This Court and personnel employed by this Court.

v.    Court reporters and videographers and their staff to whom disclosure is reasonably necessary for purposes of this Action;

vi.    Any individual, including a witness or deponent, (1) who is indicated on the face of the document or thing containing Confidential Information as an author or recipient of the document or thing; (2) who has been identified, through discovery (including document production, written discovery, or deposition testimony) as having authored or received the document or thing, even if the individual is not identified as an actual author or recipient on the face of the document or thing at issue; or (3) who is a current employee or agent of the Producing Party.

vii.    In addition to their Outside Counsel under 4(a)(i), Molo and Chanel may each designate up to two attorneys responsible for monitoring and/or supervising this Action to serve as a "Designated Representative" who may obtain access to Confidential Information. A "Designated Representative" need not be an employee of the party that designated them. Each Designated Representative under this Paragraph must first agree to be bound by the provisions of this Protective Order by signing the Declaration of Acknowledgment and Agreement to be Bound by Protective Order attached

hereto as Exhibit A. Molo and Chanel shall each have the right to add new or substitute Designated Representatives under this Paragraph to receive Confidential Information, provided that: (i) at any time no more than two Designated Representatives for each party shall have access to Confidential Information pursuant to this Order; and (ii) such new or substitute Designated Representatives must meet all requirements set forth in this Paragraph and must first agree to be bound by the provisions of this Protective Order by signing the Declaration of Acknowledgment and Agreement to be Bound by Protective Order attached hereto as Exhibit A, a copy of which will be forwarded to opposing counsel (along with the title and business address).

(b)     Attorneys' Eyes Only Information may be made available to, and inspected by, only the qualified persons identified in 4(a)(i)-(vi) above.

5.     <u>Procedures for Requesting Disclosure of Confidential Information to Experts</u>

(a)     Unless otherwise ordered by the Court or agreed to in writing by the parties, a party may disclose information or documents that have been designated as Protected Material by a different party to an Expert (identified in Paragraph 4(a)(ii) above) only if it first provides written notice to the Producing Party that includes the following information:

i.      a signed copy of the Declaration of Acknowledgment and Agreement to be Bound by Protective Order (Exhibit A);

ii.     the Expert's present employer, business address, and title;

iii.    a list of all cases or proceedings in which the Expert testified as an expert at trial or by deposition during the previous four (4) years; and

iv.     an up-to-date *curriculum vitae* setting forth the Expert's employment and/or consultations during the previous four (4) years (including the identities of the entities by or on behalf of which such Expert was employed, engaged, or retained).

(b)     A party that provides notice and information specified in the preceding sections may disclose Protected Material to the identified Expert on or after five (5) business days of providing notice and the required information (collectively, the "Notice Date"), unless the party receives a timely written objection from the Producing Party setting forth the particular grounds on which the objection is based.

(c)     A party that receives a timely written objection must meet and confer with the Producing Party to try to resolve the matter by agreement within five (5) business days of the written objection. If the dispute is not resolved during the meet and confer, the party making the objection may seek relief from the Court within five (5) business days of the meet and confer provided by this Paragraph, after which any objections are waived. No Protected Material may be disclosed to the Expert until any such objection is resolved or waived by failure to seek relief by the Court. The burden shall be on the objecting party to establish why an Expert may not receive Protected Material notwithstanding the protections afforded by this Order.

6.     Handling Protected Material.

(a)     If any party copies or translates any Protected Material, that party agrees to clearly designate all such copies and translations with the same confidentiality legend, in the manner described in Paragraph 2.

(b)     Documents and information submitted to the Court during a hearing or as part of a filing by the parties shall be governed by the terms of this Order including as described herein. If

a party deems it necessary to submit such information to the Court, the party shall file or designate the Protected Material under seal in accordance with the Court's rules governing requests to redact or file under seal, and nothing in this Order shall preclude the Producing Party from requesting that the Court seal that party's Protected Material. The sealing shall remain in effect until further order of the Court

(c)     Nothing in this Order shall prevent a party from using any document, material or other information that is designated as Protected Material under this Order at a hearing, trial or other court proceeding in this Action, provided such use is otherwise consistent with the terms of this Protective Order and such document, material or other information shall not lose its confidential status through such use. The parties shall take all steps permitted by the Court and reasonably required to protect the confidentiality of such designated information during such use.

(d)     A witness at a deposition or trial may be shown any document that contains or reveals Protected Material provided the witness is an authorized recipient under Paragraph 4 above, the Producing Party consents to such disclosure, or the Court orders that the information may be shown to the witness.

(e)     Protected Material will be presumed to be confidential or a trade secret and entitled to corresponding protection under applicable law. However, nothing herein shall be construed as an agreement or admission: (1) that any Protected Material is in fact confidential or a trade secret; or (2) with respect to the competency, admissibility, relevance, materiality, privilege, or immunity of any such information, document or thing.

(f)     Nothing herein is intended to, or should be construed to, preclude a Producing Party from disclosing or using in any manner or for any purpose, any information or documents from that Producing Party's own files which it has designated as Protected Material.

9

(g)     This Order shall not restrict or bar any attorney who is a qualified recipient from rendering advice to his or her client with respect to this Action, and in the course thereof, relying generally upon such attorney's examination of the material designated as Protected Material; provided, however, that in rendering such advice and otherwise communicating with such client, the attorney shall not disclose any Protected Material to a person or party where such disclosure would not otherwise be permitted under the terms of this Order.

(h)     Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court orders such disclosure.

(i)     Nothing in this Order constitutes a waiver by the Producing Party of any objection to disclosure and/or production of any documents or information pursuant to Fed. R. Civ. P. 26(c).

(j)     The parties have agreed to this Order to facilitate discovery and the production of relevant evidence in this Action. Neither the designation of any information, document, or the like as Protected Material, nor the failure to make such designation shall constitute evidence with respect to any issue in this Action. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

(k)     A party shall not be obligated to challenge the propriety of a designation as Protected Material at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party disagrees at any point in these proceedings with the designation made by the Producing Party, the parties shall make a good faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, either Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the designation was appropriate.

7.     <u>Inadvertent Failure to Designate and Inadvertent Disclosure.</u>

(a)     The inadvertent or unintentional failure by a Producing Party to designate specific documents or things as containing Protected Material shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or things. Upon notice to the Receiving Party of the failure to designate, the Receiving Party shall treat the document or thing as Protected Material as indicated in the notice. Within five (5) business days of the notice of such failure to designate, the Producing Party shall provide properly designated documents or information. Upon receipt of such notice and properly designated documents or information, if applicable, the Receiving Party shall return or destroy the improperly designated documents or information, and confirm such return or destruction in writing to the Producing Party, substitute the properly designated documents or information for those previously received, and treat the documents or information as Protected Material according to the Producing Party's designation.

(b)     If any accidental or inadvertent disclosure of Protected Material occurs, counsel for the party responsible for the disclosure shall: (1) use objectively reasonable efforts to obtain the prompt return of any such material containing Protected Material from the unauthorized recipient(s); (2) immediately inform the unauthorized recipient(s) of the provisions of this Order; (3) immediately notify the Producing Party of all of the pertinent facts, including the identity of the recipient(s); and (4) exercise commercially reasonable efforts to secure the agreement of the unauthorized recipient(s) not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking additional relief from the Court.

8.     <u>Obligations of Recipients.</u>

The recipient of any Protected Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Material as

is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each recipient of any Protected Material produced in this Action hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Order.

9.     <u>Inadvertent Production of Privileged or Work Product Information.</u>

In discovery in this Action, the parties have agreed that the inadvertent production or disclosure of any document or tangible thing (including information) that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or other privilege or immunity, shall not constitute a waiver of a claim of privilege or work product immunity pursuant to Fed. R. Evid. 502(b).

(a)     If an inadvertent disclosure of information subject to a claim of attorney-client privilege, attorney work product immunity, or other privilege or immunity occurs, the Producing Party shall send to each Receiving Party a written request for return or destruction of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after becoming aware of such inadvertent or mistaken production. Within ten (10) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall (a) return to the Producing Party or destroy any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced and (b) destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, including any electronic records thereof. The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information. If the Receiving Party wishes to contest that any such

document or thing is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it shall so notify the Producing Party in writing within ten (10) business days of when the document or thing is returned to the Producing Party or destroyed ("Notice of Designation"). Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and general topic of the inadvertently produced document or thing to identify the same and generally describe its nature to the Court in any motion to compel production of the document or thing.

(b)     Within ten (10) business days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within twenty (20) business days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the Court's procedures for resolution of discovery disputes. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)      If, in a deposition, hearing, or other proceeding, the party who made the inadvertent production or disclosure makes a request on or off the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

10.    Privilege Logs.

The parties shall exchange logs identifying documents or information withheld as privileged. The parties shall exchange initial privilege logs on December 15, 2021, and shall supplement their privilege logs 30 days after the Court's Claim Construction Order, and thereafter as necessary. Any non-party that withholds documents from production on the basis of privilege shall provide a privilege log within thirty (30) calendar days of the date of the withholding of such documents from production. The format of any such log shall be governed by the requirements in Federal Rule of Civil Procedure 26(b)(5). The parties shall specifically identify the following information, to the extent known, for any information withheld as privileged: (1) date on which the document/information was generated or transmitted; (2) the author(s) of the document/information withheld; (3) the sender(s) and recipient(s) of the document/information withheld, if applicable; (4) the nature of the privilege being asserted (i.e., attorney client, work product, etc.); (5) a description of why the privilege is applicable to the document/information withheld that does not reveal the content of the withheld information.

Privilege logs need not include party communications with counsel or communications between counsel or attorney work-product or any other communications or materials protected under the attorney-client privilege, the work-product immunity, and/or any other applicable privilege or immunity (including, without limitation, communications protected under the joint defense and/or common interest doctrines) to the extent such communications were made or materials were created (1) by Plaintiff in preparation for this Action, or (2) after the filing of the lawsuit.

11.  Duties Upon Termination of This Action.

Within sixty (60) calendar days of receipt of written notice of the final disposition of this Action, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, all documents and things produced and/or designated as Confidential or Attorneys' Eyes Only, including extracts and summaries thereof, and all reproductions thereof, shall be destroyed and within thirty (30) calendar days of such destruction, counsel for the Receiving Party shall certify to counsel for the Producing Party that destruction has taken place. Notwithstanding the above, one archival copy of pleadings, discovery responses, correspondence, deposition transcripts, deposition exhibits, Court exhibits, documents included in submissions to the Court, and work product that contains or reflects Confidential Information or Attorneys' Eyes Only Information may be retained only by each Outside Counsel for the Receiving Party. Insofar as the provisions of this and any other protective order entered in this Action restrict the communication and use of information produced thereunder, such order shall be binding after the conclusion of this Action except that (1) there shall be no restriction on documents that are used as exhibits in Court for which the Court found that they should not remain protected; and (2) a party may seek

the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such protective order.

12.    Production or Disclosure of a Third Party's Information.

(a)    Any subpoena or other formal or informal notice to a third party requesting production of documents made after the date of this Order shall include a copy of this Order.

(b)    If a third party produces documents pursuant to a subpoena or other request issued by one of the parties (or by Court order) and if the third party has not requested its documents be treated as Protected Material, then it shall be presumed that the documents produced contain information for which the third party has determined require no designation under the Order. The third party's documents and things shall be handled by all parties to this Action according to the appropriate designations under this Order. In the event that the third party fails to produce the documents to all parties simultaneously, the party issuing the subpoena shall produce a copy to all other parties of any documents and ESI (including any metadata) obtained under subpoena to a third party in the same form and format as produced by that third party, and may not use those documents in this Action until such production has been made.

(c)    A party in this Action may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third party not to disclose such information (e.g., by prior agreement of confidentiality). In such an event (unless the information is subject to another protective order or confidentiality order by another court), the Producing Party shall:

       i.    promptly (within five (5) calendar days of the withholding of such information from production) serve a written objection to the production of

the requested information on the basis of its obligation to a third party not to disclose such information;

ii.     promptly (within five (5) calendar days of the withholding of such information from production) provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this Order;

iii.     provide notice that the third party has thirty (30) calendar days from the date of notice under (ii) to intervene in this Action to seek a protective order regarding the production of documents; and

iv.     if receipt of notice is confirmed and the third party fails to seek a protective order under (iii) from this Court within thirty (30) calendar days of the third party receiving the notice and accompanying information, the Producing Party shall produce the third party's confidential information responsive to the discovery request. If the third party timely seeks a protective order under (iii), the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the third party before a determination by the Court.

13.     <u>Miscellaneous.</u>

(a)     The terms of this Order shall be applicable to any nonparty who produces information in connection with this Action which is designated by such nonparty or a party hereto as Protected Material. Such information produced by a nonparty in connection with this Action is fully and completely protected by the remedies and relief provided by this Order.

(b)     This Order shall be binding upon the parties to this Action and signatories to the Declaration of Acknowledgment and Agreement to be Bound by Protective Order (Exhibit A), including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

(c)     This Order shall apply to all information and material produced in this Action, including all previously produced information and material prior to the execution of this Order by the Court.

(d)     The parties agree that the following documents will not be discoverable: (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants or declarants regarding such draft documents or final reports, affidavits, or declarations, except to the extent such communications are excepted by Federal Rule of Procedure 26(b)(4)(C)(i)-(iii) ; and (c) experts' affiants', and declarants' notes and working papers regarding such documents.

(e)     If any party breaches, or threatens to commit a breach, of any of the provisions of this Order, each non-breaching party or third party that produced information subject to this Order shall have the right to ask the Court for any remedies available under law or in equity, including having the Order specifically enforced (without posting any bond) and/or entering a restraining order or injunction (preliminary or permanent) against the breaching party for breaches, threatened or actual. It is agreed and acknowledged that, in the event of any such breach or threatened breach, the breaching party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

(f)     In the event that a new party is added, substituted, or otherwise brought into either of this Action, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

18

(g)     A legible photocopy of a document may be used as the "original" for all purposes in this Action unless under the circumstances it would be unfair to admit the duplicate in lieu of the original (see FRE 1003(2)).

(h)     This Order is without prejudice to the right of any party, or any nonparty, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Protected Material.

(i)     If another court, commission or administrative body issues a subpoena or orders production of any Protected Material received by a party pursuant to this Order, the Receiving Party shall promptly notify the Producing Party of the pendency of such subpoena or order, and will make reasonable efforts to cooperate with the Producing Party to ensure continued protection of the Protected Material. If the Producing Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this Action as Protected Material before a determination by an appropriate court, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing herein should be construed as authorizing or encouraging a party in this Action to disobey a lawful direction from another court.

(j)     This Order shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by order of the Court.

(k)     This Order shall survive the final conclusion of this Action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this Action, unless this Order is vacated.

(l)     In order to expedite the discovery process, until this Order has been entered by the Court, the parties agree that after counsel for the parties execute this Order, it will be treated as though it had been "So Ordered."

19

14.   <u>Other Proceedings.</u>

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

We hereby stipulate to the entry of the foregoing Stipulated Protective Order.

SO AGREED AND STIPULATED:

BRACEWELL LLP                                              DORSEY & WHITNEY LLP


*/s/ Conor Civins*                                            */s/ Geoffrey M. Godfrey*
Grace Condro                                              Bruce R. Ewing
1251 Avenue of the Americas, 49th Floor                   51 West 52nd Street
New York, NY 10020                                        New York, NY 10019
(212) 508-6100                                            (212) 415-9200
grace.condro@bracewell.com                                ewing.bruce@dorsey.com

OF COUNSEL:                                               OF COUNSEL:
Conor Civins                                              Geoffrey M. Godfrey
111 Congress Avenue, Suite 2300                           Columbia Center
Austin, TX 78701                                          701 Fifth Avenue, Suite 6100
(512) 472-7800                                            Seattle, WA 98104
conor.civins@bracewell.com                                (206) 903-8800
                                                          godfrey.geoff@dorsey.com
Jared Schuettenhelm
701 Fifth Avenue, Suite 6200                              Shannon L. Bjorklund
Seattle, WA 98104                                         50 South Sixth Street, Suite 1500
(206) 204-6200                                            Minneapolis, MN 55402
jared.schuettenhelm@bracewell.com                         (612) 340-2600
                                                          bjorklund.shannon@dorsey.com

*Attorneys for Plaintiff*
                                                          *Attorneys for Defendant*
May 24, 2021

SO ORDERED this _25_ day of __May_____ 2021.

_____
The Honorable Valerie E. Caproni

Notwithstanding anything to the contrary in the stipulation, the parties
must comply with the Undersigned's individual rule 5(B) when filing
material covered by this order.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

Molo Design, Ltd.                                    1:21-CV-01578-VEC

         Plaintiff,

                                            **DECLARATION OF**
**ACKNOWLEDGEMENT AND**
-v-                                  **AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**
Chanel, Inc.

         Defendant.

-------------------------------------------------------------------

I, _____, declare under penalty of

perjury under the laws of the United States that:

1.    My address is _____

_____.

2.    My present employer is _____ and its

address is _____

_____.

3.    I have carefully read and understood the provisions of the Protective Order in this case

signed by the Court, and I will comply with all provisions of the Protective Order.

4.    I will hold in confidence and not disclose to anyone not qualified under the Protective

Order any document, thing, or information designated as Confidential Information or

Attorneys' Eyes Only Information or any words, summaries, abstracts, or indices of

Confidential Information or Attorneys' Eyes Only Information disclosed to me.

5.    I will take reasonable steps to restrict access to any Confidential Information or

Attorneys' Eyes Only Information to only those persons authorized by the Protective

Order to have such access. I will inform any of my employees or staff who encounter Confidential Information or Attorneys' Eyes Only Information of the terms of the Protective Order.

6.   I understand that my obligations regarding Confidential Information and Attorneys' Eyes Only Information under the Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information *containing* Confidential Information or Attorneys' Eyes Only Information, as well as any knowledge or information *derived from* any such information I receive during this action.

7.   I will use Confidential Information and Attorneys' Eyes Only Information disclosed to me solely for the purpose of my work in this Action. I will not use any Confidential Information or Attorneys' Eyes Only Information except as expressly authorized in the Protective Order.

8.   When requested to do so, and no later than the final conclusion of the case, I will return all Confidential Information and Attorneys' Eyes Only Information and material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained, or certify that all Confidential Information and Attorneys' Eyes Only Information and material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto have been destroyed.

9.   I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the parties or third-parties that designated the information

2

as Confidential Information or Attorneys' Eyes Only Information may assert other remedies against me.

10. I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to the enforcement of the Protective Order, or with respect to any other order issued by the Court governing the use of Confidential Information or Attorneys' Eyes Only Information.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____        _____

(Signature)

_____

(Printed Name)

3