UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MOLO DESIGN, LTD.,

                                   Plaintiff,

            -against-

CHANEL, INC.,

                                  Defendant.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/22

21-CV-01578 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff Molo Design, Ltd. ("Molo") is a Vancouver-based company that designs and produces furniture and other products, including flexible space partitions. Compl., Dkt 1 ¶¶ 7–8. Chanel, Inc. ("Chanel") is a New York fashion corporation with its principal place of business in New York City. *Id.* ¶ 2. Molo brought this action against Chanel for patent infringement, alleging, *inter alia*, that Chanel infringed the patent for the design of Molo's flexible space partitions. *Id.* ¶¶ 19–20, 22. On February 4, 2022, Chanel filed a petition for *inter partes* review before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO"). *See* Pets. for IPR, Dkt. 48-1–4, Exs. A–D. Chanel has moved to stay this case pending resolution of *inter partes* review by the PTAB. Not. of Mot. to Stay, Dkt. 46. Molo opposes the motion. Pl. Opp., Dkt. 49. For the reasons that follow, Chanel's motion is GRANTED.

## BACKGROUND

      Molo is a Canadian design and production studio that makes, among other things, flexible space partitions — also known as softwall + softblock products. Compl. ¶¶ 7–8. Molo has sold

its partitions to various retailers and design companies for use in their stores, showrooms, commercial spaces, and offices. *Id.* ¶ 11. Molo holds four patents that purport to cover the designs of their partitions: U.S. Patent Nos. 7,866,366 (the "'366" patent), 8,561,666 (the "'666" patent), 9,689,161 (the "'161" patent), and 9,797,134 (the "'134" patent). *See* Pets. for IPR, Dkt. 48-1–4, Exs. A–D.

In October 2020, two companies contacted Molo to inquire about using its partitions in an upcoming retail rollout for Chanel in the United States and Europe. Compl. ¶¶ 14, 17. In response, Molo provided information to the companies regarding its partitions, including technical specifications, certifications, and use guides for its products. *Id.* ¶ 15. The technical specifications included a notation that Molo's products were protected by "one or more patents." *Id.*

Eventually, in November and December 2020, discussions with both companies fell through. *Id.* ¶¶ 16, 18. Despite that, in February 2021, Molo learned that Chanel stores in Europe and the United States had installed displays using materials that appeared to be copies of Molo's patented flexible space partitions. *Id.* ¶ 19. Molo subsequently brought suit against Chanel for infringement of its '366, '666, '161, and '134 patents. *See* Compl., Dkt. 1. Chanel denied the allegations and counterclaimed against Molo; Chanel's counterclaims allege non-infringement and invalidity of Molo's patents. Def. Ans., Dkt. 24 at 10, 13–17.

The parties subsequently developed a case management plan and agreed that all fact discovery would be completed by March 11, 2022, or 60 days after the Court's Claim Construction Order, whichever was later. Case Mgmt. Plan, Dkt. 27 ¶ 4(a). Molo and Chanel then embarked upon discovery.

Months later, on February 4, 2022, Chanel filed a petition with the PTAB for *inter partes* review ("IPR") claiming invalidity of Molo's '366, '666, '161, and '134 patents. *See* Pets. for IPR, Dkt. 48-1–4, Exs. A–D. That same day, Chanel moved to stay the proceedings in this Court pending the resolution of IPR before the PTAB. *See* Not. of Mot. to Stay, Dkt. 46. Molo opposes the motion. *See* Pl. Opp., Dkt. 49. The PTAB is expected to issue its decision whether to institute IPR proceedings in August 2022. *Id*. at 4.

## DISCUSSION

### I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket," *Landis v. N. Am., Co.*, 299 U.S. 248, 254 (1936), a power which "includes issuing a stay pending the conclusion of review proceedings before the [PTAB]," *CDX Diagnostics, Inc. v U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669, 2014 WL 2854656 at *2 (S.D.N.Y. June 20, 2014) (citation omitted). Courts generally consider three factors in deciding whether to stay a case pending IPR: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *TouchTunes Music Corp. v. Rowe Int'l Corp. et al.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009) (citation omitted). The Court finds that application of these factors weighs in favor of granting a stay.

### II. Simplification of the Issues

The first factor the Court must consider is whether a stay will simplify the issues in this litigation. The PTAB has yet to decide whether to institute IPR. Some courts have concluded that "the factors relevant to a stay analysis cannot be meaningfully addressed until the PTO determines whether to institute an IPR." *Rensselaer Polytechnic Inst. et al. v. Apple Inc.*, No.

13-CV-0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014).  On the other hand, several courts recognize that the delay in waiting for the initial PTAB decision is "on balance, prudent in light of the prospect of benefiting from the PTO's unique expertise on a highly complex topic." *Id*. at *5 (citing *Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-CV-03587, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013); *Capriola Corp. v. LaRose Indus.*, No. 12-CV-2346, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013)).

Chanel filed its petitions on February 4, 2022, *see* Pets. for IPR, Dkt. 48-1–4, Exs. A–D, and, therefore, the PTAB's initial decision whether to grant review is due by August 4, 2022 — about three months from the issuance of this opinion.  Pl. Mem. at 4; 435 U.S.C. § 314(b).  If the PTAB were to reject Chanel's requests for IPR, the stay would be relatively short, and litigation in this case would resume in August.  On the other hand, if the PTAB were to accept some or all of Chanel's requests for review, a final PTAB decision would not be due until August 2023 or, at the latest, February 2024, if good cause were to exist for an extension.  37 C.F.R. § 42.100.  While such a delay would not be insignificant, the potential for the PTAB's decision to simplify the issues in this litigation outweighs the attendant costs of postponed litigation.

Chanel's petitions for IPR challenge the validity of each patent at issue in this case, asserting, *inter alia*, that the designs are obvious and not novel.  Review by the PTAB "could eliminate the need for trial if [Molo's patent] claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."  *CDX Diagnostics*, 2014 WL 2854656, at *3 (internal quotation marks and citation omitted).  If the PTAB were to cancel Molo's patent claims, it would render Molo's claims in this case moot.  If the PTAB were to cancel some, but not all, of Molo's patent claims, "it would at least narrow the issues before the Court regarding those claims."  *Kannuu Pty Ltd. v Samsung*

*Elecs. Co., Ltd.*, No. 19-CV-4297, 2021 WL 195163 at *9 (S.D.N.Y. Jan. 19, 2021), *aff'd*, 15 F.4th 1101 (Fed. Cir. 2021).  Moreover, even if the PTAB were to uphold *all* of Molo's patent claims, the Court would still benefit from the expert guidance contained in the PTAB's decision, and Chanel would be estopped from arguing that Molo's claims in this case are invalid "on any ground that [Chanel] raised or reasonably could have raised during" IPR.  35 U.S.C. § 315(e)(1).

Thus, a stay either will result in a minor delay or, if the PTAB grants Chanel's request for review, will simplify the issues in this case and provide the Court with expert guidance in a complex area of law.  This factor, therefore, weighs in favor of granting a stay.

### III. Undue Prejudice

Second, the Court must determine whether Molo will suffer undue prejudice as a result of a stay.  In this District, "the question of undue prejudice or clear tactical advantage is informed by four sub-factors, including (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties."  *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278, 2017 WL 4876305, at *4 (S.D.N.Y. Oct. 27, 2017) (cleaned up).  Mere delay does not constitute prejudice.  *CDX Diagnostics*, 2014 WL 2854656, at *4 (citation omitted).

#### A. Timing of the Request for Review and Request for a Stay

Chanel filed its request for IPR on February 4, 2022, a little less than one year after Molo served its Complaint on February 26, 2021.  *See* Def. Mem., Dkt. 47 at 3.  Chanel filed its motion to stay on the same day.  *See* Not. of Mot. to Stay, Dkt. 46.  By statute, Chanel had one year from the date of service of the Complaint to file its petition for IPR.  *See* Affidavit of Serv., Dkt. 12; 35 U.S.C. § 315(b).  Chanel filed its petitions approximately three weeks before the deadline.

Courts in this District vary in their analyses of the timing of a party's request for review. On the one hand, "the fact that an accused infringer waits until one year after being served with a complaint in an infringement action to submit its IPR petition at least raises the possibility that it was a dilatory tactic." *Rensselaer*, 2014 WL 201965, at *5 (cleaned up). At the same time, courts in this District and other circuits "have regularly concluded that this sub-factor weighs in favor of granting a stay where a party files its IPR proceedings within the one-year statutory deadline set forth under 35 U.S.C. § 315(b)." *Kannuu Pty Ltd.*, 2021 WL 195163, at *10.

The justification offered by Chanel for waiting nearly a year before requesting IPR is not especially persuasive. Chanel argues that it did not file its IPR request earlier because this action "appeared likely to resolve early given the modest amount in dispute," and that it began preparing its IPR petitions after settlement discussions fell through. Def. Mem. at 5–6. The Court has to wonder why settlement discussions failed if the amount in dispute is truly as "modest" as Chanel claims. Nevertheless, the weight of the decisions in this Circuit counsels in favor of granting a stay where a party files its IPR proceedings within the one-year statutory deadline, as Chanel did here. *See, e.g.*, *Kannuu Pty Ltd.*, 2021 WL 195163, at *10 (issuing stay after delay of 10 months); *Rovi Guides*, 2017 WL 4876305, at *4 (issuing stay after delay of one year). Chanel filed its motion to stay on the same day it filed for IPR. Thus, the first two sub-factors weigh in favor of granting a stay.

### B.  Status of the Review Proceedings

The status of the review proceedings before the PTAB counsels in favor of granting a stay in this case. Molo makes much of the fact that the PTAB has not yet decided whether it will grant Chanel's petitions for IPR. *See* Pl. Mem. at 4, 7–10. As Molo acknowledges, however, the PTAB must issue its decision whether to grant IPR by early August 2022 — approximately three

months from now. *Id*. at 4; 35 U.S.C. § 314(b). Courts are divided as to whether to grant a stay before the PTAB has formally instituted IPR proceedings. *See Rensselaer*, 2014 WL 201965, at *5 (collecting cases). While some courts have concluded that plaintiffs should be permitted to prosecute their claims until the PTAB has decided it will grant IPR, *see id*., others have reasoned that the modest delay imposed by waiting for the PTAB's initial decision is outweighed by the potential benefit of obtaining the PTAB's expertise on a complex topic, *see, e.g.*, *Evolutionary Intelligence*, 2013 WL 6672451, at *7.

Because the PTAB must decide whether to institute IPR no later than early August 2022, the Court finds that this sub-factor weighs in favor of granting a stay. Three months of delay will not unduly prejudice Plaintiff, and if the PTAB were to grant IPR, there will be a substantial chance that its eventual decision will simplify the issues in this litigation.

### C. Relationship of the Parties

Finally, the Court must consider the relationship between the parties. If the parties are direct competitors, the delay associated with the review is more likely to have "outsized consequences" to the party asserting infringement. *CDX Diagnostics*, 2014 WL 2854656, at *4 (internal quotation marks and citation omitted). Even where a defendant continues to engage in allegedly infringing behavior, courts have held that parties that are not competitors can be fully restored with monetary relief. *See, e.g.*, *Rensselaer*, 2014 WL 201965, at *6 (collecting cases). Here, not only are Chanel and Molo not direct competitors, but Chanel has also completely ceased all allegedly infringing activity. Def. Mem. at 8–9. There is little risk that Molo will suffer irreparable harm from a short delay in litigation with a non-competitor who has ceased using the allegedly infringing products. Thus, this sub-factor counsels in favor of a stay.

On balance, the four sub-factors comprising the larger prejudice inquiry demonstrate that Molo will not be unduly prejudiced by a stay pending IPR. The PTAB will either deny Chanel's petitions in August 2022 or it will grant Chanel's petitions and undertake a review of Molo's patents. The former circumstance would cause a *de minimus* delay and the latter, although associated with a lengthier delay, would likely simplify the issues in this case. Either way, it is clear that Molo will not suffer undue prejudice by a stay in these proceedings.

## IV.  Stage of the Proceedings

Finally, the Court must consider whether the stage of the proceedings counsels against a stay. Courts typically find that this factor weighs against granting a stay where the case is past the early stages of proceedings and substantial discovery has occurred. *TouchTunes Music Corp.*, 676 F. Supp. 2d at 177–78 (denying stay where discovery was substantially completed, including the depositions of witnesses and the completion of claim construction briefing); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 407 (N.D.N.Y. 1999) (denying stay two months before close of discovery). Although what qualifies as an early stage is relative, "there is a general consensus that where the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order, and discovery is well underway, this [] factor counsels against granting a stay." *Rovi Guides*, 2017 WL 4876305, at *3 (cleaned up).

Here, discovery is certainly well underway. As Molo notes, the parties have completed numerous requirements set forth in the Court's scheduling order and the Local Patent Rules, including serving their respective infringement and invalidity contentions and exchanging certain extrinsic evidence. Pl. Opp. at 3. At the same time, no depositions have been taken, expert reports have not been served, and the parties have yet to engage in related expert discovery. Def.

8

Mem. at 2–3.  While the parties have fully briefed the issue of claim construction, a *Markman* hearing has not been held, and the Court has not issued a claim construction order; nor has a trial date been scheduled.  *Id.*; Pl. Opp. at 3.  In short, discovery is not substantially complete.  *Kannuu Pty Ltd.*, 2021 WL 195163, at *10 (granting stay where parties had yet to engage in expert discovery and neither a claim construction hearing nor a trial had been scheduled).  Although this factor presents a closer call, on balance, the current posture of this case weighs in favor of granting Chanel's motion.[1]

After considering the factors, the Court finds that the totality of the circumstances warrant issuing a stay pending review by the PTAB.

## CONCLUSION

For the foregoing reasons, Chanel's motion to stay the proceedings pending *inter partes* review is GRANTED.  This matter is hereby stayed for the duration of the proceedings before

---

[1] Molo asserts that there are additional circumstances establishing that a stay is not warranted, chiefly, that Chanel has engaged in gamesmanship by advancing conflicting arguments before the PTAB and this Court.  Pl. Opp. at 19–21.  For instance, Molo argues that Chanel has alleged to this Court that the term "flaccid" is indefinite, while alleging to the PTAB that the meaning of the term "flaccid" is readily apparent.  *Id.* at 5, 20.  Additionally, Molo highlights the fact that Chanel asserted that this Court would commit legal error if it failed to construe certain terms in the patents, while arguing before the PTAB that it need not construe any terms in the asserted patents.  *Id.*  Molo contends that Chanel, by adopting these contradictory positions, has created a risk of inconsistent findings which it claims supports denying a stay.  *Id.* at 5, 21.

Petitioners before the PTAB may only seek to cancel patent claims "on a ground that could be raised under section 102 [novelty] or 103 [non-obvious subject matter] and only on the basis of prior art consisting of patents or printed publications."  35 U.S.C. § 311(b).  All other claims relating to the validity of a patent are outside the scope of *inter partes* review, including claims of indefiniteness.  Even if Chanel's claims are contradictory, and it is not entirely clear that they are, *see* Def. Reply, Dkt. 52 at 9–10, the PTAB is explicitly prohibited from making a determination as to a term's indefiniteness.  Moreover, it is neither uncommon nor impermissible for a party to advance different arguments before a District Court and the PTAB.  *See, e.g.*, *Target Corp. v. Proxicom Wireless, LLC*, IPR2020-00904, Institution Decision at 12 (P.T.A.B. Nov. 10, 2020) ("[A]lternative pleading before a district court is common practice, especially where it concerns issues outside the scope of *inter partes* review.").  Finally, when the PTAB finishes its review of this case, Chanel will be estopped from re-raising any arguments that it raised or reasonably could have raised during IPR.  35 U.S.C. § 315(e).  In sum, these additional concerns do not provide a reason to deny Chanel's motion to stay.

the PTAB regarding the '366, '666, '161, and '134 patents.  The parties are directed to file a joint status report within 48 hours of the PTAB's decision whether to institute *inter partes* review.

The Clerk of Court is respectfully directed to close the open motion at Docket 46 and to stay the case.

**SO ORDERED.**

Date:  May 2, 2022                                     **VALERIE CAPRONI**
       New York, New York                          **United States District Judge**