UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOLO DESIGN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHANEL, INC., <br><br> Defendant. | 21-CV-1578 (DEH) <br><br> **<u>AMENDED MEMORANDUM</u>** <br> **<u>OPINION AND ORDER</u>** |

DALE E. HO, United States District Judge:

Plaintiff Molo Design, Ltd. ("Molo") alleges that Defendant Chanel, Inc. ("Chanel")

infringed claims 1-3, 5-11, 13, 16, 18, 20-25, and 27 of United States Patent No. 7,866,366

("'366 Patent"), as well as claims 1-10, 12, 14 of United States Patent No. 9,689,161 ("'161

Patent").  Joint Status Letter 1–2, ECF No. 82.  The two terms at issue here[1]—"supports" and

"self-supporting"—relate to claim 1 of the '366 Patent.  *See* Am. Joint Disputed Claim Terms

Chart 6–7, ECF No. 86.  The '366 Patent describes an article of flexible furniture used to

partition a room.  U.S. Patent No. 7,866,366, ECF No. 1-1 (hereinafter "'366 Patent Claim 1").

The parties have presented their proposed constructions of the relevant terms of the '366

Patent Claim 1 pursuant to *Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996).  The

following sets forth the Court's construction of the disputed terms.  For the reasons discussed

---

[1] The parties' claim construction briefing discusses competing constructions of three terms: "supports," "self-supporting," *and* "operable."  *See* Am. Joint Disputed Claim Terms Chart 6–7, ECF No. 86.  However, at the claim construction hearing on January 18, 2024, the parties jointly stipulated to a shared construction of the phrase "operable to maintain . . . and permit" in claim 2 of the '366 Patent.  The Court has reviewed and adopts the parties' joint construction of "operable to maintain . . . and permit" as meaning "capable of maintaining . . . and permitting."

herein, the Court grants Molo's request to decline to construe the first disputed term and adopts

Chanel's construction of the second disputed term.

## BACKGROUND

### I.      Procedural Background

Molo filed this lawsuit on February 22, 2021, alleging that Chanel infringed on four of its

patents, including the '366 Patent at issue here.  In early 2022, Chanel filed petitions for *inter*

*partes* review of the four asserted patents and correspondingly filed a motion to stay the case

pending resolution of those petitions.  *See* Mot. to Stay, ECF No. 46.  The Court granted

Chanel's motion, staying the case in May 2022.  *See* Order, ECF No. 70.  The Patent Trial and

Appeal Board ("PTAB") instituted review and determined that all challenged claims of two of

the patents are unpatentable, and that claims 19 to 25 of the '161 Patent are unpatentable.  *See*

ECF Nos. 90-1 to 90-8.  However, the PTAB determined that Chanel had not shown that the

remaining challenged claims of the '161 Patent or any challenged claims of the '366 Patent are

unpatentable.  *See id.*  Accordingly, the Court lifted its stay in October 2023.  ECF No. 79.  Molo

dropped its unpatentable claims, proceeding with a narrowed set of asserted claims for the two

remaining patents.  Only two terms embedded within the '366 Patent are at issue here.

### II.     Text of the Disputed Claims

As discussed, the disputed terms relate to the '366 Patent Claim 1, which states as

follows:

> An article of flexible furniture having a core formed from a plurality of laminar
> panels of a flaccid material and each panel having a pair of oppositely directed
> major faces, adjacent faces of said panels being inter-connected to provide a cellular
> structure upon movement of abutting faces away from each other, a pair of
> **supports** at opposite ends of said core and connected to respective ones of said
> faces, said supports being **self-supporting** to provide rigidity to said core whereby
> said supports may be moved apart to expand said cellular structure and extend the

length of said core and flexible so as to be foldable into a tubular configuration about an axis parallel to said major faces, and a plurality of fasteners on each of said supports to secure said supports in said tubular configuration and to permit connection to an adjacent support 25 of another similar article.

'366 Patent Claim 1 (emphases added to denote disputed terms).

## LEGAL STANDARDS

Before the Court is the parties' application to engage in the first step of a patent infringement analysis, "commonly known as claim construction or interpretation." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996).[2] "In construing a patent claim, which is a question of law, courts should look first to the intrinsic evidence of record." *Wine Enthusiast, Inc. v. Vinotemp Int'l Corp.*, No. 17 Civ. 6782 (DLC), 2019 WL 126114, at \*1 (S.D.N.Y. Jan. 8, 2019). The Court begins by assessing "the words of the claims themselves," generally applying "their ordinary and customary meaning." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). Next, "it is always necessary to review the specification to determine whether the inventor has used any terms in a manner inconsistent with their ordinary meaning." *Id*. It is well-understood that "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Id*. Finally, "the court may also consider the prosecution history of the patent, if in evidence." *Id*.

"In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term." *Id*. at 1583. If the meaning of the claim is clear from the intrinsic

---

[2] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

evidence, resort to reviewing extrinsic evidence is improper.  *See Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372, 1377 (Fed. Cir. 2005).

## DISCUSSION

### I.      Agreed-upon Claim Constructions

As a preliminary matter, in addition to stipulating to a shared construction of "operable to maintain . . . and permit," *see supra*, the parties have stipulated to a shared construction of three terms.  *See* Am. Joint Disputed Claim Terms Chart 4.  The Court has reviewed and adopts the parties' agreed construction as to each term.  Accordingly, (1) "major dimension" is construed as "height"; (2) "longitudinal axis" is construed as "vertical axis from top to bottom"; and (3) "freestanding" is construed as "standing alone free of support or attachment."  *See id.*

### II.     Disputed Claim Constructions

### A. "Supports"

"In construing claims, the analytical focus must begin and remain centered on the language of the claims themselves."  *Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001).  Here, the language of the '366 Patent Claim 1 clearly states that the supports are: located "at opposite ends" of the core; "connected to respective ones of [the abutting] faces" of a laminar panel; "self-supporting to provide rigidity" to the core; capable of "be[ing] moved apart to expand [the] cellular structure and extend the length" of the core; and "flexible so as to be foldable into a tubular configuration about an axis parallel to the major faces" of the laminar panels.  '366 Patent Claim 1.  The meaning of "supports"—as defined in detail by its structural components and relationship to other claimed elements—is evident from the plain language of the claim itself.  Accordingly, Molo correctly asserts that no further construction is necessary.  *See* Pl.'s Claim Construction Br. 3, ECF No. 41.

Chanel's argument that "supports" should be construed as "supporting panels that are different from the laminar panels that form the core," Def.'s Responsive Claim Construction Br. 1, ECF No. 43, is unsupported by the '366 Patent Claim 1's plain language, which does not indicate that "supports" must be "panels."  Further, Chanel's alternative proposal that the supporting panels must be "different" in some non-specified way from the core's laminar panels "serves only to introduce additional terms into the claim [that] would result in confusion for the jury," in contravention of the purpose of claim construction.  *Stanacard, LLC v. Rebtel Networks, AB*, 680 F. Supp. 2d 483, 493 (S.D.N.Y. 2010).  The Court therefore declines to adopt Chanel's proposed construction.

### B.  "Self-Supporting"

The parties have each proposed constructions of the term "self-supporting."  While Molo argues that "self-supporting" should be construed as **"**having sufficient rigidity to resist collapse of the core," Pl.'s Claim Construction Br. 6, Chanel contends that it should be construed as "able to stay upright and resist collapse without being supported by something else," Def.'s Claim Construction Br. 8.  Molo's construction contravenes both the plain language and specification of its patent.

First, Molo urges the Court to adopt a construction of the disputed term that ignores its ordinary meaning by reading the prefix "self" out of the term "self-supporting."  *See* Def.'s Supp. Response Br. 2, ECF No. 98.  It bears repeating that the relevant language describes "a pair of supports at opposite ends of [the] core . . . *said supports being self-supporting* to provide rigidity to said core."  '366 Patent Claim 1 (emphasis added).  Under Molo's construction, the supports need only be able to support *the core*, not themselves.  Such a construction would render the term "self-supporting" redundant at best and meaningless at worst.  Indeed, injecting

Molo's construction directly into Claim 1 leads to the following nonsensical result: "said supports being [having sufficient rigidity to resist collapse of the core] to provide rigidity to said core." For the disputed term to have any meaning, "said supports" must be understood as being capable of supporting *themselves*, independent of their relationship to the core.

Second, Molo's construction is unsupported by the specification. As Chanel correctly points out, "[e]ach time the word 'self-supporting' is used in the '366 Patent's specification, it refers to an object's ability to support itself. The specification repeatedly describes the material of the 'supports' [as] sufficient[ly rigid] to make them 'self-supporting.'" Def.'s Claim Construction Br. 9-10 (collecting examples). The specification is "the single best guide to the meaning of a disputed term," *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314–15 (Fed. Cir. 2005) (en banc), and it weighs heavily in favor of adopting Chanel's proposed construction. Accordingly, the Court construes "self-supporting" as "able to stay upright and resist collapse without being supported by something else."

## CONCLUSION

For the reasons set forth in the preceding paragraphs, the Court declines to construe the term "supports" and construes "self-supporting" as stated above.

SO ORDERED.

Dated: February 12, 2024

New York, New York

_____

DALE E. HO

United States District Judge