UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOLO DESIGN, LTD.,<br><br>                        Plaintiff,<br><br>            v.<br><br>CHANEL, INC.,<br><br>                        Defendant. | 21 Civ. 1578 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

      This is an action for patent infringement originally filed by Plaintiff Molo Design, Ltd. ("Molo") against Defendant Chanel, Inc. ("Chanel"). Molo seeks leave to amend its complaint to add Chanel SAS ("SAS") and Procedes Chenel International ("Procedes") as Defendants in this case. For the reasons discussed below, Molo's Motion to Amend, ECF No. 93, is **GRANTED**.

### BACKGROUND

      The following facts are taken from the parties' pleadings and the Proposed Amended Complaint ("PAC"), ECF No. 95-1.

**A. Factual Background**

      Plaintiff Molo is a Canadian limited liability company that makes, among other products, space partitions—known as "softwall + softblock products"—that are at the center of this dispute. PAC ¶¶ 1, 13. Defendant Chanel, a New York corporation, displayed its products using installations that allegedly violated Molo's patents. *Id*. ¶¶ 2, 27. As relevant here, Molo alleges that Defendant Chanel infringed claims 1-3, 5-11, 13, 16, 18, 20-25, and 27, as well as claims 1-

10, 12, and 14, of two of its patents: United States Patent Nos. 7,866,366 and 9,689,161, respectively. Oct. 31, 2023 Joint Letter 1-2, ECF No. 82.[1]

Proposed Defendant SAS is a French corporation and is the parent company to Defendant Chanel. PAC ¶¶ 3, 7. SAS allegedly "encouraged infringement by directing and facilitating Chanel, Inc. and Chanel, Inc.'s regions and stores in the United States to use and display products it knew or had reason to know infringed" Molo's patents. *Id*. ¶¶ 47, 62. Proposed Defendant Procedes is a French corporation that produced and installed Chanel cellular structured window décor modules that allegedly infringe Molo's patents for its softwall + softblock products. *See id*. ¶¶ 4, 25-26.

### B. Procedural Background

Molo filed its initial Complaint against Chanel on February 22, 2021, and Chanel answered on April 19, 2021. *See* Compl., ECF No. 1; Answer, ECF No. 24. The original deadline for the parties to amend their pleadings was May 22, 2021. *See* ECF No. 27.

On February 4, 2022, Chanel filed a Motion to Stay this action based on four petitions it had filed with the Patent Trial and Appeal Board ("PTAB") requesting *inter partes* review of all patent claims that had been asserted by Molo in this action. *See* Mot. to Stay Pending *Inter Partes* Review ("Mot. to Stay"), ECF No. 46. Molo filed a Motion to Compel documents relating to SAS, which the Court denied on March 29, 2022, concluding that Plaintiff had not shown that Chanel had control over SAS's documents. *See* ECF No. 68. On May 2, 2022, the

---

[1] These are the only remaining allegations of patent infringement against Chanel. Plaintiff's original complaint raised claims of infringement of two additional patents: U.S. Patent Nos. 8,561,666 and 9,797,134. *See* Compl. ¶¶ 38-51, 67-80, ECF No. 1. Upon *inter partes* review, the Patent Trial and Appeal Board determined that all challenged claims of these patents are unpatentable. Oct. 31, 2023 Joint Letter 1-2. The PTAB additionally determined that certain challenged claims of the 9,689,161 patent are unpatentable. *See id.*

Court granted Chanel's Motion to Stay this case pending the results of the PTAB's *inter partes* review. ECF No. 70. The case was stayed for one and a half years, from May 2022 through October 2023, when the PTAB issued its order.[2]

As a result of the stay in proceedings, many of the previously ordered deadlines in this case are now moot. To date, the parties have engaged in some written discovery, which has included serving some, but not all, interrogatories and requests for production. Oct. 31, 2023 Joint Letter 3. Fact and expert depositions have not been taken, and expert reports have not been served. *Id*. To avoid duplicative efforts, the parties will propose an amended case management plan and scheduling order following the resolution of Plaintiff's Motion to Amend. *See* ECF No. 115.

**Proposed Amended Complaint**. During the period when this case was stayed, from June 5 through June 16, 2023, Molo engaged in a trial in Canada ("Canadian action") against Defendants Chanel Canada ULC, SAS, and Procedes, during which documents and testimony were presented as evidence. Pl.'s Br. in Supp. of Mot. to Am. ("Pl.'s Br.") 1, ECF No. 94. In October 2023, evidence and testimony from that action were made available for Molo to use in this case. *Id*. at 1-2. Shortly thereafter, Plaintiff put the Court on notice that it might seek leave to amend its pleadings to add SAS and Procedes to this action. Oct. 31, 2023 Joint Letter 3. Based on the additional evidence derived from the Canadian action, Molo sought leave to amend its Complaint on November 30, 2023. *See* ECF No. 93.

Molo's PAC does not raise any new causes of action. *See generally* PAC. Instead, it seeks to add SAS and Procedes as Defendants, alongside details on the allegedly unlawful

---

[2] This case was reassigned to the undersigned on October 20, 2023. *See* Oct. 20, 2023 Min. Entry.

actions taken by each entity, including information on what each entity knew. Based on the newly uncovered evidence from the Canadian action, Molo believes that SAS and Procedes were engaged in discussions about Procedes supplying allegedly patent-infringing installations to Chanel to display in its windows around the world, including in the United States and New York specifically. *See* PAC ¶ 25. Allegedly, Procedes' managing director knowingly encouraged Chanel regions and stores to use Procedes' patent-infringing products. *Id.* ¶¶ 26, 63. Molo further seeks to amend its pleadings to allege that SAS encouraged infringement by inducing Procedes to manufacture and import products it knew or had reason to know infringed Molo's patents, and by encouraging Chanel to use and display the infringing products. *See id.* ¶¶ 47, 62.

## LEGAL STANDARDS

On a motion to amend pleadings, Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[3] The Second Circuit and Supreme Court have cautioned that:

> this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[4] Prejudice arises when the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

---

[3] All references to Rules are to the Federal Rules of Civil Procedure.

[4] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted, unless otherwise indicated.

timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). As the nonmovant, the defendant bears the burden of establishing prejudice. *See id.*

"If the [proposed] amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party 'at any time, on just terms,' also comes into play." *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 21). The "showing necessary under Rule 21 is the same as that required under Rule 15(a)." *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. March 22, 2012).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (citing Fed. R. Civ. P. 16(b)). "Thus, the lenient standard of Rule 15(a) is toughened by Rule 16's higher standard under which the party seeking to amend must also demonstrate good cause for an untimely amendment." *Soroof Trading*, 283 F.R.D. at 147. "Good cause is demonstrated by a showing that despite its having exercised diligence, the applicable deadline could not have been reasonably met by the plaintiff." *Id.* "[I]f the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied." *Id.* "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors [in addition to good cause considerations,] including, in particular, whether allowing the amendment of the pleading . . . will prejudice defendants." *Kassner*, 496 F.3d at 244.

## DISCUSSION

For the reasons discussed herein, the Court concludes that Plaintiff "ought to be afforded an opportunity to test [its] claim [against SAS and Procedes] on the merits." *Williams*, 659 F.3d at 213. Defendant opposes Molo's Motion to Amend on two grounds: (1) Molo has allegedly

5

failed to demonstrate good cause to join new parties, given its alleged undue delay in filing its motion, and (2) granting Molo's motion would unduly prejudice Defendants. *See* Def.'s Opp'n to Mot. to Am. Compl. ("Def.s' Opp'n") 4-9, ECF 102. The Court addresses each argument below and concludes that neither is meritorious. Accordingly, "[i]n the absence of any apparent . . . reason" to deny Plaintiff leave to amend, and mindful that such leave is to be "freely given," the Court grants Plaintiff's motion. *See Williams*, 659 F.3d at 213-14.

### A. Diligence and Good Cause

Courts have recognized that if a party learns new facts "that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate." *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15 Civ. 3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016). But "the Court must also examine whether Plaintiff had notice of, or was diligent in discovering, the alleged new facts." *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21 Civ. 7740, 2023 WL 2919554, at *16 (S.D.N.Y. Mar. 23, 2023); *see also Soroof Trading*, 283 F.R.D. at 147 (holding that a party may demonstrate good cause to amend a pleading by showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met by the plaintiff."). Undue delay in filing may result in denial of a movant's request to amend. *See Foman*, 371 U.S. at 182.

To bring a claim for patent infringement, a plaintiff must demonstrate that a defendant "makes, uses, offers to sell, or sells any patented invention, *within the United States or imports into the United States* any patented invention during the term of the patent." 35 U.S.C. § 271(a) ("Section 271") (emphasis added). Plaintiff alleges that at the time it filed its original complaint, it was aware only that Chanel had used the infringing products in the United States. *See* Pl.'s Reply in Supp. of Mot. to Am. ("Pl.'s Reply") 2-3, ECF No. 106. Molo obtained new evidence and information in October 2023, through the Canadian action, when evidence supporting claims

6

for patent infringement against both SAS and Procedes became publicly available. *See* Pl.'s Br. 1. That same month, Plaintiff notified the Court that it might seek leave to amend to add SAS and Procedes as parties. *See* Oct. 31, 2023 Joint Letter 3. One month later, Plaintiff filed its request for said leave. *See* Pl.'s Br. The Court concludes that Plaintiff's actions—including its request for leave to amend within two months from the time it discovered new relevant facts—were reasonable, particularly given that the trial date in this action had not been set and no dipositive motions were pending. *See Soroof Trading*, 283 F.R.D. at 152 (holding that where a movant promptly sought leave to amend after learning new facts, a delay of "one year and seven months from the deadline for amendment until the filing of [a Rule 15] motion" did not constitute undue delay); *see also Capak v. Epps*, 2020 WL 2543092, at *2 (S.D.N.Y. Apr. 7, 2020) ("When evaluating delay, the court considers[, *inter alia*,] whether a trial date has been set . . . and whether dispositive motions have been filed.").

Chanel argues that Molo could have added SAS and Procedes as Defendants as early as May 2021 but unjustifiably waited for more than two years before seeking leave to amend its pleadings. *See* Def.'s Opp'n 5-6. But that is largely because this case was stayed for a year and half on Chanel's request (and over Molo's opposition). *See* Mot. to Stay; Pl.'s Opp'n to Def.'s Mot. to Stay Pending *Inter Partes* Review, ECF No. 49. Once the stay was lifted, Molo timely sought to uncover information linking SAS and Procedes to this action. *See* ECF No. 66.[5]

Chanel relies on four documents to support its argument that Molo unduly delayed its request to amend: Chanel's Initial Disclosures, ECF No. 103-1; Molo's Initial Disclosures, ECF No. 103-2; an invoice from Procedes, ECF No. 103-3; and a "Creative Overview" document that

---

[5] On March 9, 2022, Plaintiff filed a motion to compel documents from SAS. *See* ECF No. 68. However, its motion was subsequently denied on the grounds that it had not at that point shown that Chanel had control over SAS's communication documents. *Id*. at 2.

Chanel claims establishes that SAS designed the infringing products, ECF No. 103-4; *see also* Def.'s Opp'n 3.  As discussed below, none of these documents demonstrates that Molo had enough information to allow it to add either SAS or Procedes as parties before the Canadian action concluded, or that Molo failed to exercise reasonable diligence in not doing so.

**Chanel's Initial Disclosures**.  In Chanel's Initial Disclosures, Chanel identified Procedes as having knowledge of the accused products and pre-suit communications with Molo.  Chanel's Initial Disclosures 2.  But while the disclosures identify Procedes as having relevant information, they do not establish that Plaintiff knew or should have known that Procedes, a French company, was making or importing the accused products into the United States, such that it could be liable for patent infringement under Section 271.

**Molo's Initial Disclosures**.  Molo's Initial Disclosures reveal that Molo was aware of Procedes' existence and believed it could have information "to support its claims or defenses." Molo's Initial Disclosures 2, 3.  The disclosures do not discuss SAS.  *See generally* Molo's Initial Disclosures.  Molo represents that at the time, it was aware of Procedes' production of potentially infringing products generally but was not aware of any facts that would have connected Procedes to this case specifically.  *See* Pl.'s Reply 4.  The disclosures do not establish that Molo knew or should have known that it had claims relevant to this case against SAS or Procedes.

**The Procedes Invoice and the "Creative Overview" Document**.  The Procedes invoice notes a purchase of "Chanel Honeycomb Modules" in New York.  *See* Procedes Invoice.  The "Creative Overview" includes a photo of a Chanel window display, alongside a description.  *See* Creative Overview.  Neither of these documents establishes that Molo knew or should have known that either SAS or Procedes imported or used the specific accused products at issue in this case.

To bring patent infringement claims against SAS and Procedes, Molo was required to allege facts and evidence linking the entities to this action. Following proceedings in the Canadian action, it uncovered evidence demonstrating that Procedes was aware during the fall of 2020 that SAS and Chanel were interested in purchasing and/or displaying allegedly patent-infringing products. The evidence uncovered also revealed that, on or about October 2020, SAS and Procedes were engaged in discussions about Procedes supplying these products to Chanel. Defendant has not demonstrated that Molo knew or should have known of these facts prior to its deadline to amend. Absent evidence to the contrary, the Court concludes that despite its diligent efforts, Plaintiff did not have a sufficient basis to amend its pleadings until October 2023, when it discovered new evidence implicating SAS and Procedes in this action. Such newly discovered evidence constitutes good cause to amend. *See Sanossian v. Valley Stream Central High School District*, No. Civ. 16-4697, 2020 WL 6385602, at *7 (E.D.N.Y. Oct. 29, 2020) (granting motion to amend based upon newly discovered evidence and rejecting defendant's argument that previously provided documents "would have necessarily apprised Plaintiff of the information necessary to plead" her claim).

**B. Prejudice**

Even if Plaintiff were delayed in seeking leave to amend, "mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Here, far from filing its motion "on the eve of trial," Plaintiff seeks amendment before discovery has been completed and before a post-stay amended case management plan and scheduling order has been issued. *See United States v. Prevezon Holdings Ltd.*, No. 13 Civ. 06326, 2015 WL 6395930, at *5 (S.D.N.Y. Oct. 22, 2015). Moreover, the Court has reviewed Plaintiff's PAC and concludes that Plaintiff's claims against SAS and Procedes "arise from the same core of

operative facts" as those alleged in its original complaint. *Id*. Thus, the Court finds that "the circumstances in this case are not sufficiently extreme or prejudicial to justify denial of the government's motion to amend." *Id*.

Defendant does not question Plaintiff's good faith. *See generally* Def.'s Opp'n. Rather, it argues that prejudice would result from "bind[ing] the[] new defendants to arguments made and positions taken by Chanel US" in proceedings to date, including in the claim construction proceedings. *Id.* at 8. It further argues that adding new defendants "could substantially expand the range of invalidity issues to be litigated in this matter." *Id*. As discussed, Plaintiff does not seek to add any new causes of action to its pleadings. Furthermore, Defendant does not dispute Plaintiff's representation that in the Canadian action, Chanel Canada, SAS, and Procedes were aligned in their positions and defenses on each of Molo's patent infringement claims. Thus, notwithstanding Defendant's speculation about new issues that the two proposed defendants might raise, Chanel has not presented the Court with any reason to believe that its interests would diverge significantly from those of its parent company and from Procedes here, or that the range of issues before the Court would expand excessively due to their inclusion.

Finally, the Court concludes that "[a]ny inefficiency created by adding the additional parties is outweighed by other concerns, particularly the interests of judicial economy." *Covet & Mane*, 2023 WL 2919554, at *18. Molo's patent infringement claims against the proposed parties stem from the same alleged violations at issue in this case. "Requiring [Molo] to file a separate action to pursue such claims against [SAS and Procedes] is not the most rational way to proceed." *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 0121, 2013 WL 150027, at *4 (S.D.N.Y. Jan. 10, 2013). By contrast, "[a]mendment makes it possible to dispose of all contentions between the parties on one lawsuit." *Covet & Mane*, 2023 WL 2919554, at *18.

The Court concludes that the proposed amendment to add the new Defendants would not result in prejudice sufficient to deny leave to amend.

## CONCLUSION

For the reasons discussed herein, Molo's Motion to Amend is **GRANTED**. Molo shall file its proposed amended complaint within **one week** of this Opinion & Order. The parties shall jointly file an amended proposed case management plan and scheduling order within **two weeks** of the filing of Molo's amended complaint.

The Clerk of Court is directed to terminate ECF No. 93.

SO ORDERED.

Dated: June 12, 2024

New York, New York

DALE E. HO

United States District Judge